## T. A. FARRIS v. UNITED STATES

**No. 5083.**—Invoices dated Shanghai, China, December 20, 1939, March 20, 1940. Entered at Los Angeles, Calif., January 26, April 25, 1940. Entry Nos. 6505, 8545.

(Decided January 7, 1941)

*Harper & Harper* for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: These appeals to reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto.

(1) That the issue involved in the above mentioned reappraisement appeals is the same in all material respects as the issue involved in the case of *United States* v. *Alfred Kohlberg, Inc.*, Customs Appeal No. 4245, decided January 4, 1940, C. A. D. 88.

(2) That the market value or price at the time of exportation of the merchandise involved herein, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of China, for exportation to the United States, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States is the appraised value thereof, less the amount added under duress.

(3) That the proper basis of appraisal of the merchandise herein is the export value, and that there was no higher foreign value at the time of exportation.

(4) It is further stipulated and agreed that the record in said *United States* v. *Alfred Kohlberg, Inc.*, Customs Appeal No. 4245, decided January 4, 1940, C. A. D. 88 may be incorporated in the record in these cases.

On the agreed facts, I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the amount added under duress. Judgment will be rendered accordingly.